**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-41531**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**EDGAR ANTONIO GODINEZ-GARCES,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Southern District of Texas
(B-97-CR-298-ALL)
_____

March 2, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.[*]

EDITH H. JONES, Circuit Judge:

Edgar Antonio Godinez-Garces appeals his guilty-plea conviction for being in the United States without permission after having previously been deported. He argues that his conviction should be vacated because the transcript of his guilty plea does not contain specific responses to several of the Fed. R. Crim. P. 11 questions posed by the district court and that this court cannot conduct a meaningful review of his guilty plea. He contends that

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the error is not harmless because he is being denied his right to an appeal.

There is no right to appeal from a guilty plea in the absence of a jurisdictional defect. <u>Barrientos v. United States</u>, 668 F.2d 838, 842 (5th Cir. 1982). Appeal is limited to a review of Rule 11 errors. <u>Id.</u> at 843.

Rule 11 requires the district court to follow certain procedures in determining whether a guilty plea is made knowingly and voluntarily. <u>United States v. Johnson</u>, 1 F.3d 286, 298-300 (5th Cir. 1993) (en banc). Rule 11 ensures that the district court addresses three core concerns: "(1) whether the guilty plea was coerced; (2) whether the defendant understands the nature of the charges; and (3) whether the defendant understands the consequences of his plea." <u>Johnson</u>, 1 F.3d at 300.

Although the district court asked many of the Rule 11 questions to the defendants as a group and the record does not contain individual responses to several of the Rule 11 inquiries, the transcript of Godinez-Garces' guilty plea contains questions specifically directed toward him regarding whether he was coerced, whether he understood the nature of the charge against him, and whether he understood the consequences of his plea. Godinez-Garces answered appropriately. Moreover, his counsel was silent when the court asked if anyone had objections to its procedure.

Furthermore, Godinez-Garces does not argue that the district court varied from the required Rule 11 procedures or that he did not understand any of the rights he was waiving. Godinez-

Garces' argument that he is being denied his right to an appeal is without merit and is in fact frivolous.

**DISMISSED AS FRIVOLOUS.**